UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR PROSPERITY
FOUNDATION,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

Defendant.

Civil Action No. 22-2015 (CRC)

**JOINT MOTION FOR STAY AND FOR EXTENSION OF TIME TO FILE MOTIONS
FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 6(b), Plaintiff, Americans for Prosperity

Foundation ("AFPF"), and Defendant, United States Department of Homeland Security ("DHS"),

(collectively, the "Parties") by and through undersigned counsel, respectfully jointly move for a

stay of all court ordered deadlines and filing deadlines in this case while the current lapse in

appropriations for DHS continues.  Defendant proposes that once the partial shutdown due to lapse

in appropriations ends that the Court extend the current summary judgment briefing schedule by

sixty (60) days as set forth in the attached proposed order.  The Parties conferred pursuant to Local

Civil Rule 7(m).  The grounds for this motion are as follows.

"The District Court has broad discretion to stay proceedings as an incident to its power to

control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes "broad

discretion when deciding case management and scheduling matters."  *Comm. on Ways & Means

v. Dep't of the Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29,

2019).  The Court must proceed and consider the circumstances in this case, "weigh[ing]

competing interests and maintain[ing] an even balance." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016). A decision on whether to stay a case rest on considerations of "economy of time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Defendant respectfully submits that there is good cause for the requested stay and extension. Although the undersigned counsel is working because the Department of Justice is funded, DHS is currently experiencing a lapse in appropriations which began February 14, 2026. This is the third such lapse DHS has experienced in the last six months. Prior to this current lapse in appropriations, DHS experienced its first lapse in appropriations during the historic government shutdown from October 1 to November 12, 2025. DHS' second lapse in appropriations occurred from February 1 to 3, 2026.

In between these lapses in appropriations, DHS made significant efforts to continue reviewing and making supplemental releases in this case. DHS made supplemental releases on December 11, 2025, and January 29, 2026. To aid in narrowing the issues in dispute, DHS provided an updated draft *Vaughn* index—covering all supplemental productions made to date— on January 30, 2026. Right before the current lapse in appropriations, DHS was in the process of reviewing the final supplemental release. However, once DHS experienced the lapse in funding beginning on February 14, 2026, many DHS offices, including the DHS FOIA office furloughed staff. For these reasons, DHS is unable to continue processing the last interim response and making its last supplemental release. This budget-caused reality impedes the Parties' ability to complete their negotiations to narrow issues in dispute and file motions for summary judgment and related briefing. The current lapse in appropriations, coupled with the two other lapses in appropriations have significantly interfered with the operations of DHS, necessitating this motion for a stay, or,

2

in the alternative, requested extension.

Furthermore, the Parties respectfully submit that good cause supports the requested sixty (60) day extension after the end of the lapse in appropriations. After DHS makes its last supplemental release and provides the remaining updates to the draft *Vaughn* index, Plaintiff intends to finalize its challenges and communicate those to DHS. Also, once appropriations are restored, DHS will need time to reorganize and then will resume work on this matter. The orderly return from the shutdown takes time as furloughed staff work through backlogs of emails and voicemails, receive direction from management on projects, and triage tasks. DHS will have more to report after their lapse in appropriations ends, and they can coordinate with appropriate staff.

While the Court ordered the Parties to propose a briefing schedule in its April 8, 2025, Minute Order, and the Parties did so, the Parties also then reported that "the parties wish to reiterate their negotiations continue and they are working to avoid the need for judicial intervention. They respectfully advise the Court that they may later move to postpone the proposed briefing schedule or, if their dispute is resolved amicably, to stipulate to dismissal of this case." ECF No. 31. As detailed above, the Parties report that they have been negotiating and continue to do so.

This joint motion is filed in good faith and not for purposes of gaining any unfair advantage through delay. This is the Parties' third request to extend the summary judgment briefing deadlines. Finally, it is not anticipated that granting this motion will unduly prejudice either party nor will it adversely affect this Court's orderly administration of this matter. Indeed, the joint nature of this motion indicates that neither party will suffer prejudice.

*    *    *

3

For these reasons, the Parties respectfully jointly request that the Court stay proceedings in this case and extend deadlines as set forth in the attached proposed order.

Dated: March 11, 2026
   Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362

AMERICANS FOR PROSPERITY
FOUNDATION
4201 Wilson Boulveard, Ste. 1000
Telephone: (571) 444-2841
rmulvey@afphq.org

*Counsel for Plaintiff*

By:    */s/ Mason D. Bracken*
  MASON D. BRACKEN
  Assistant United States Attorney
  601 D Street, NW
  Washington, DC 20530
  (202) 252-2523
  mason.bracken@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR PROSPERITY
FOUNDATION,

    Plaintiff,

    v.                                          Civil Action No. 22-2015 (CRC)

U.S. DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

## [PROPOSED] ORDER

UPON CONSIDERATION of the Joint Motion for Stay and for Extension of Time to File Motions for Summary Judgment, and for good cause shown, it is hereby:

ORDERED that the motion is GRANTED.  It is further ORDERED that this case is stayed, including all Court deadlines and FOIA processing and production, until the lapse in appropriations to U.S. Department of Homeland Security ends.  It is further

ORDERED that the summary judgment briefing schedule is modified as follows:

Defendant U.S. Department of Homeland Security shall file its motion for summary judgment sixty (60) days after its lapse in appropriations ends,

Plaintiff's response and cross-motion for summary judgment are now due thirty (30) days after Defendant files its motion for summary judgement, and it is further

ORDERED that Defendant's reply and opposition are now due twenty-one (21) days after Plaintiff files its response and cross-motion, and it is further

ORDERED that Plaintiff's reply is now due fifteen (15) days after Defendant files its reply and opposition.


SIGNED:

_____                    _____
Date                                       Christopher R. Cooper
                                           United States District Judge

2