UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>            Plaintiff,<br><br>       v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | Civil Action No. 22-2015 (CRC) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h)(1), Defendant, the Department of Homeland Security, ("DHS"), by and through undersigned counsel, respectfully submits this statement of material facts not in dispute in support of its motion for summary judgment.

| DEFENDANT'S STATEMENT OF MATERIAL FACTS |  |
|---|---|
| 1.  Catrina M. Pavlik-Keenan is the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Privacy Office of the U.S. Department of Homeland Security ("DHS" or the "Department"). Pavlik-Keenan ¶ 1. |  |
| 2.  3. The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by the DHS Privacy Office ("DHS-PRIV") in the ordinary course of business, and information provided to me by other DHS Headquarters ("DHS-HQ") employees in the course of my official duties.  Pavlik-Keenan ¶ 3. |  |

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| 3. Through the exercise of my official duties, I am familiar with DHS-PRIV's receipt and initial handling of the FOIA request dated May 5, 2022 (the "FOIA Request") submitted by Plaintiff, and the steps taken to respond to the FOIA Request. This is my first declaration in support of this FOIA litigation. Pavlik-Keenan ¶ 4. | |
| 4. 5. I have personally reviewed the twenty records with redactions that Plaintiff continues to challenge. Pavlik-Keenan ¶ 5. | |
| 5. The *Vaughn* Index addressing these twenty records with redactions that Plaintiff continues to challenge is attached as Exhibit A ("Pavlik-Kennan Decl. Ex. A."). I have personally reviewed the *Vaughn* Index, and incorporate it by reference, and all of its statements, into this declaration. Pavlik-Keenan Decl. ¶ 6. | |
| 6. On March 12, 2026, Plaintiff reported it does not challenge the adequacy of DHS' search. Pavlik-Keenan Decl. ¶ 7 . | |
| 7. In this case, DHS made supplemental releases in this matter for Interim responses 1-7 and 9-14 and determined that portions of the responsive records warrant withholding pursuant to Exemption 5, Exemption 6, and Exemption 7. Plaintiff continues to challenge twenty responsive records, which the DHS Privacy Office withheld pursuant to Exemption 5, Exemption 6, and Exemption 7. Pavlik-Keenan Decl. ¶ 8. | |
| 8. DHS processed all records responsive to Plaintiff's request, including the twenty | |

| **DEFENDANT'S STATEMENT OF MATERIAL FACTS** | |
|---|---|
| responsive records Plaintiff challenges, to achieve maximum disclosure consistent with the access provisions of the FOIA.  Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable non-exemption information.  DHS did not withhold any reasonably segregable, nonexempt portions from Plaintiff.  Pavlik-Keenan Decl. ¶ 9. | |
| 9. As described in the attached *Vaughn* index, DHS applied FOIA Exemption (b)(5) to specific records noted therein to protect pre-decisional and deliberative information contained within the requested records because the information consists of thoughts, opinions, and pre-decisional impressions of DHS employees.  This information included draft memoranda, initial outlines, discussions of outcomes related to a tabletop exercise and limited portions of emails containing initial and preliminary concepts for a Disinformation Governance Board, suggested response to media inquiries, analysis of DHS efforts, and recommendations pertaining to a potential event that did not occur.  Many of these documents contain bullet lists and preliminary points, comments and extensive redline edits, and notes to different DHS offices requesting additional information or clarifications. In the attached *Vaughn* index, DHS also refers the Court and Plaintiff to the final versions or publicly released information when available.  Pavlik-Keenan Decl. ¶ 11. | |
| 10. DHS withheld the deliberative portions of these records to prevent a chilling | |

| **DEFENDANT'S STATEMENT OF MATERIAL FACTS** | |
|---|---|
| effect on the open and frank discussions on matters of policy between DHS employees, as this would undermine the agency's ability to perform its duties. DHS depends upon the ability of its employees to offer candid ideas and opinions to agency decision-makers and to each other without the fear of public exposure; to curtail this process would be detrimental to DHS and all governmental entities.  DHS also withheld information about outcomes from a Tabletop Exercise that DHS conducted to evaluate the role and responsibilities of DHS offices and components, summarizes lessons learned and identifies potential options for changing the roles and responsibilities of DHS offices and components.  Release of these types of deliberations would cause harm to DHS' ability to prepare for potential scenarios or crisis situations. DHS uses tabletop exercise to understand potential weaknesses and strengths in its ability to respond to such scenarios or crisis situations.  Releasing these types of deliberations would have a direct chilling effect on offices agreeing to participate in similar tabletop exercise in the future. Release of this information would disclose pertinent and significant pre-decisional recommendations, opinions, and considerations undertaken by Agency personnel in deliberations. Pavlik-Keenan Decl. ¶ 12. | |
| 11. Numerous responsive records were initial concept and planning documents that contained DHS employees' initial considerations and thoughts.  The release of these types of deliberative material would directly impact the ability of employees to plan and analyze questions and issues in writing.  Pavlik-Keenan | |

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| Decl. ¶ 13. | |
| 12. The disclosure of draft documents and the comments contained therein could mislead the public, as the comments and text of draft documents often differ, sometimes significantly, from final agency positions.  Disclosure of such material could also cause the same effect noted in paragraph 12.  Pavlik-Keenan Decl. ¶ 14. | |
| 13. As more fully described in the *Vaughn* index, DHS also applied FOIA Exemption (b)(5) to specific records noted therein to protect attorney work product and attorney-client privileged communications.  Those records so noted on the *Vaughn* Index contain the mental impressions, opinions, and legal analyses of attorneys for DHS.  Those records also contain communications made in confidence for purposes of obtaining or providing legal advice.  Disclosure of this information would have a chilling effect on the ability of agency attorneys to effectively prepare analysis and communicate with their agency clients and to effectively prepare to represent the agency in anticipation of or in pending litigation.  In order to ensure that agency attorneys are able to give the most complete and effective advice it is essential that their clients be confident that information they provide to their attorneys remains confidential. Likewise, the attorneys providing the advice must be confident in its confidentiality in order to provide comprehensive advice and prepare comprehensive analysis.  The erosion of this confidence will affect the willingness of clients to be fully candid with their | |

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| attorneys and the attorneys to provide comprehensive advice.  Without full and frank discussions between the agency and its attorneys, the agency's decision-making process will be diminished.  In addition to the work product and attorney client privileges applying to redactions on these records, these redactions have overlapping coverage by the deliberative process privilege; this is because records Bates Stamp DHS-001-002015-000834-837 and DHS-001-002015-001268-1270 also reflect staff members' developing, preliminary assessments about matters on which no final decision has yet been made.  Pavlik-Keenan Decl. ¶ 15. | |
| 14. For the record set DHS-001-002015-000620, DHS will issue a supplemental release that will release the company letterhead, the date, and the title of the document to correspond to the releases it is making in the record set DHS-001-002015-000618-19.  DHS will continue to assert (b)(5) withholdings for the remainder of the document. DHS had a contractual relationship with the company who supplied the draft report. The contractor had a contract with DHS to provide communication analytics and this report contains analytical and deliberative information about narratives related to the DHS Disinformation Governance Board.  Pavlik-Keenan Decl. ¶ 16. | |
| 15. As more fully described in the attached *Vaughn* Index, DHS applied Exemption 6 to specific records noted therein.  Pavlik-Keenan Decl. ¶ 17. | |
| 16. When withholding information pursuant to Exemption 6, DHS is required to | |

6

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. In asserting this exemption, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information appears in the documents at issue.  When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure.  For purpose of this exemption, a public interest exists only when information about an individual would shed light on DHS' performance of its mission and function to enforce the law and defend the interests of the United States according to the law, to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.  Pavlik-Keenan Decl. ¶ 19. | |
| 17. The release of names, phone numbers, email address of DHS and other federal government employees would not aid the public's understanding of how the Department carries out its duties.  Rather, the release of such information could subject those employees to unwarranted harassment, and as such the release of such information would "constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6). The employees whose names are redacted in the documents are not senior leaders. They are not employees whose actions, decisions, or statements are subject to press coverage.  The employees are not | |

7

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| public figures, and there is no public interest present that outweighs their right to personal privacy.  For those DHS employees that are public figures, DHS released their names.  Pavlik-Keenan Decl. ¶ 20. | |
| 18. The release of names of individuals that are not federal employees would not aid the public's understanding of how the Department carries out its duties.  DHS released the names of the companies and domain addresses of emails to provide the public information about the companies that were working with DHS.  Disclosure of the names of individuals employed by a private company that does business with DHS would constitute an unwarranted invasion of the privacy of these individuals and outweighs the public's need to know the names of these individuals.  Releasing the names of the individuals would not shed light on DHS operations and activities, in addition to insights already gleaned by the companies that were communicating with DHS.  Pavlik-Keenan Decl. ¶ 21. | |
| 19. For the record set DHS-001-002015-000618-19, DHS will issue a supplemental release that will release the domain names and institutional affiliations.  DHS will continue to withhold the names of the individuals, as the privacy of these individuals outweighs the public's need to know the names, and does not shed light on DHS operations and activities. For the record set DHS-001-002015-000566-000581, DHS will also release the company names associated with the listed validators and will release the names of public figures located at DHS-001- | |

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| 002015-000577-578.  DHS will continue to withhold the names of individuals who are not public figures, as the privacy of these individuals outweighs the publics need to know the names and does not shed light on DHS operations and activities.  Pavlik-Keenan Decl. ¶ 22. | |
| 20. As more fully described in the attached *Vaughn* Index, DHS applied Exemption 7 to specific records noted therein.  Pavlik-Keenan Decl. ¶ 23. | |
| 21. The information for which the DHS asserted Exemption (b)(7) satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act, codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. *See* 8 U.S.C. § 1103. DHS is responsible for identifying and eliminating vulnerabilities within the nation's borders. DHS leverages the collective capabilities of its operational Components to identify opportunities for jointness and integration. Through a comprehensive and collaborative approach, DHS ensures its operators have the necessary tools, resources, and authorities to execute DHS' mission. Pavlik-Keenan Decl.¶ 25. | |
| 22. The information at issue here relates to the Customs and Border Protection (CBP) and Office of Intelligence and Analysis (I&A), and the investigation and techniques used to respond to certain types of terrorist scenarios.  CBP is charged with enforcing immigration laws | |

| DEFENDANT'S STATEMENT OF MATERIAL FACTS | |
|---|---|
| and interdicting individuals who attempt to illegally enter or move contraband across the U.S. borders between official point of entry under the Homeland Security Act of 2002. *See* 6 U.S.C. § 211. In keeping records related to law enforcement techniques and evaluating those techniques to address threats DHS is concerned about, DHS is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair and that they provide the greatest level of safety to the public and to DHS employees.  The Office of Intelligence and Analysis has broad intelligence – and information – gathering and sharing responsibilities under the Homeland Security Act of 2002, Executive Order No. 12,333, as amended and Executive Order No. 13,388.  These responsibilities obligate I&A to gather and share intelligence information in support of DHS's broader counterterrorism, homeland security, and component specific missions; in support of the broader national intelligence mission of the Intelligence Community; and as part of the federal information-sharing environment.  Pavlik-Keenan Decl. ¶ 26. | |
| 23. DHS applied FOIA Exemption (b)(7)(E) to protect law enforcement sensitive information pertaining to law enforcement techniques and procedures in deliberative draft documents. As described in the *Vaughn* index, DHS withheld information relating to deliberations about scenarios for potential terrorist threats and potential courses of action DHS may take to address those threats, and discussions about DHS' Office of Intelligence and | |

10

| **DEFENDANT'S STATEMENT OF MATERIAL FACTS** | |
|---|---|
| Analysis functions.  Disclosure of this information would enable persons seeking to engage in criminal or terrorist activity to overcome law enforcement efforts by knowing the type of responses to expect, as well as potentially identify weaknesses in response that would allow such persons to overcome law enforcement efforts and elude detection. Pavlik-Keenan Decl. ¶ 28. | |
| 24. As more fully described in the *Vaughn* index as to specific records, DHS withheld information related to a tabletop exercise pursuant to (b)(7)(E) to protect information pertaining to guidelines and techniques used to address terrorist and cyber-attacks and developing plans for immigration emergencies.  Pavlik-Keenan Decl. ¶ 29. | |
| 25. The information DHS has applied Exemption 7(E) to is law enforcement sensitive information related to CBP's techniques for managing border crossings at official points of entry, techniques CBP may utilize in an emergency situation to protect the U.S. borders, and an assessment about the current techniques. Additionally, disclosure would reveal I&A's techniques for developing intelligence reports and how those reports are used to address emerging threat situations.  The release of this type of information would reasonably be expected to risk circumvention of the law, as this information would enable individuals considering the threat vectors discussed in the scenarios to avoid detection by DHS and the Intelligence Community, thereby endangering U.S. national security.   Disclosure of these internal | |

| **DEFENDANT'S STATEMENT OF MATERIAL FACTS** | |
|---|---|
| strategies and practices could permit people seeking to violate or circumvent the law to take proactive steps to counter operational actions taken by CBP and I&A.  Pavlik-Keenan Decl. ¶ 30. | |
| 26. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory duties.  Pavlik-Keenan Decl. ¶ 31. | |
| 27. This type of information is utilized for law enforcement purposes as it is in furtherance of CBP's and I&A's mission, and to ensure that these operations are not hindered by actions of bad actors who may obtain access to confidential law enforcement sensitive information and intelligence.  Pavlik-Keenan Decl. ¶ 32. | |
| 28. A line-by-line review of the twenty records that are described in further detailed in the attached *Vaughn* Index was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.  Foreseeable harm would result from any further disclosure of these twenty records.  That foreseeable harm is discussed elsewhere in this declaration and in the attached *Vaughn* Index.  Pavlik-Keenan Decl. ¶ 34. | |
| 29. With respect to the records that were released in part, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released.  Pavlik-Keenan Decl. ¶ 35. | |

Date: August 13, 2026

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Mason D. Bracken*
     MASON D. BRACKEN
     Assistant United States Attorney
     555 Fourth Street, NW
     Washington, DC 20530
     (202) 252- 2523
     *Attorneys for the United States of America*