**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | ) | Civil Action No. 22-2015 (CRC) |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Rule 7(h) of the Local Civil Rules of the United States District Court for the District of Columbia, Plaintiff Americans for Prosperity Foundation ("AFPF") hereby submits this statement of undisputed material facts in support of its opposition and cross-motion for summary judgment.

**DHS's Disinformation Governance Board**

1. DHS created the Disinformation Governance Board ("Board") on February 24, 2022, when then-Secretary Alejandro Mayorkas signed the Board's charter. Decl. of Ryan P. Mulvey ¶ 5; *see* Mulvey Decl. Ex. 1 at 2.

2. The final, signed version of the Board's charter has been made publicly available and was, in fact, produced under the Freedom of Information Act ("FOIA") to AFPF during the course of this litigation. Mulvey Decl. ¶ 5; *see* Mulvey Decl. Ex. 2.

3. The final, signed version of the Board's charter is still marked "DELIBERATIVE" and "DRAFT." Mulvey Decl. Ex. 2.

4. DHS official Nina Jankowicz served as executive director of the Board. Mulvey Decl. ¶ 6.

5. DHS publicly announced the creation of the Board in April 2022. Mulvey Decl. ¶ 6; Answer ¶ 9 (admitted), ECF No. 10.

6. DHS's creation of the Board generated substantial controversy and public attention. *See, e.g.*, Mulvey Decl. ¶ 7.

7. DHS "paused" the work of the Board in May 2022, at which point the Board's executive director, Ms. Jankowicz, resigned. Mulvey Decl. ¶ 8; *see* Mulvey Decl. Ex. 1 at 4.

8. DHS "terminated" the Board and "rescinded its charter" on August 24, 2022. Mulvey Decl. ¶ 10; Mulvey Decl. Ex. 3.

9. The termination of the Board occurred over a month after the filling of this lawsuit. Mulvey Dec. ¶ 11.

**AFPF's May 2022 FOIA Request**

10. By letter, dated May 5, 2022, AFPF submitted a FOIA request to DHS seeking access to three categories of records. Mulvey Decl. ¶ 12; Mulvey Decl. Ex. 4.

11. DHS received AFPF's FOIA request on May 5, 2022. Mulvey Decl. ¶ 13; Answer ¶ 17 (admitted).

12. AFPF requested a public interest fee waiver and classification as a representative of the news media for fee purposes. Mulvey Decl. ¶ 14; Answer ¶ 21 (admitted).

13. AFPF filed this lawsuit on July 12, 2022, after DHS failed to meet its statutorily prescribed deadlines for issuing a determination on AFPF's FOIA request. Mulvey Decl. ¶ 15; Answer ¶ 29 (admitted).

14. DHS filed its Answer on September 12, 2022. Mulvey Decl. ¶ 16; *see* Answer.

**DHS's Processing of AFPF's FOIA Request**

15. Following the filing of the Answer, the parties negotiated a narrowed search for all items of AFPF's request. Mulvey Decl. ¶ 17.

16. DHS completed its searches on September 27, 2022 and identified "3,349 pages of responsive records." Mulvey Decl. ¶ 17.

17. DHS made its first interim release on December 9, 2022. Mulvey Decl. ¶ 18.

18. DHS completed its processing and initial production of all responsive records on October 9, 2024. Mulvey Decl. ¶ 19.

19. On February 3, 2025, AFPF advised DHS of what AFPF believed to be the outstanding legal issues, including the treatment of particular records. Mulvey Decl. ¶ 20.

20. DHS thereafter reviewed those issues, and associated records, and made a series of supplemental productions through June 12, 2026. Mulvey Decl. ¶ 20; *see* Decl. of Catrina M. Pavlik-Keenan ¶ 8 (noting "supplemental releases"), ECF No. 37-1.

**The Records at Issue**

21. There are twenty records that remain at issue in this lawsuit and are the subject of the parties' cross-motions for summary judgment. Mulvey Decl. ¶ 22; Mulvey Decl. Exs. 5–24; Pavlik-Keenan Decl. ¶ 8.

Record 1

22. Record 1 (DHS-001-002015-000708–713) is a six-page document entitled "Disinformation Governance Board DHS MDM Capabilities Review." Mulvey Decl. Ex. 5.

23. Except for its title heading, Record 1 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 5; DHS *Vaughn* Index at Line 3, ECF No. 37-2.

24. Record 1 is marked "FOUO/UNCLASSIFIED," but it is not otherwise labeled as a draft, or pre-decisional or deliberative in nature, except for an apparent watermark on the last page. Mulvey Decl. Ex. 5.

Record 2

25. Record 2 (DHS-001-002015000714–721) is an undated eight-page document entitled "Concept of Operations." Mulvey Decl. Ex. 6.

26. Except for limited identifying information on the cover, the remainder of Record 2 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 6; DHS *Vaughn* Index at Line 4.

27. Record 2 is marked "PRE-DECISIONAL//FOR OFFICIAL USE ONLY," but it is not otherwise labeled as either a draft or deliberative in nature. Mulvey Decl. Ex. 5.

Record 3

28. Record 3 (DHS-001-002015-000722–726) is a five-page information memorandum, dated September 13, 2021, concerning "Organizing DHS Efforts to Counter Disinformation," which was prepared for Secretary Mayorkas by Under Secretary Robert Silvers and Senior Counselor for National Security Samantha Vinograd. Mulvey Decl. Ex. 7.

29. DHS withheld portions of this record under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 7; DHS *Vaughn* Index at Line 5.

30. Although Record 3 is marked "PRE-DECISIONAL/DELIBERATIVE" and "UNCLASSIFIED // FOR OFFICIAL USE ONLY," it constitutes a finalized version of a memorandum provided to Secretary Mayorkas. DHS *Vaughn* Index at Line 5.

31. DHS has provided AFPF with a copy of the January 31, 2022 secretarial "Action" memorandum referenced in the agency's *Vaughn* index. Mulvey Decl. ¶ 27; Mulvey Decl. Ex. 25.

32. That memorandum is marked as "UNCLASSIFIED//~~FOR OFFICIAL USE ONLY~~," as well as "PREDECISIONAL//DELIEBRATIVE," even though it is signed and dated by Secretary Mayorkas and thereby memorializes the consummation of agency decision-making. Mulvey Decl. Ex. 25.

33. Among other things, the "Action" memorandum "[a]pprove[s] the charter for the Disinformation Governance Board." Mulvey Decl. Ex. 25.

34. The "Action" memorandum also attaches, and thereby incorporates, three other items: the Board's "Charter"; the "Ukraine MDM Playbook"; and "'Organizing DHS Efforts to Counter Disinformation' (September 13, 2021)," which is Record 3. Mulvey Decl. Ex. 25.

<u>Record 4</u>

35. Record 4 (DHS-001-002015-000682–707) is a twenty-six-page record that has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege, and Exemption 7(E). Mulvey Decl. Ex. 8; DHS *Vaughn* Index at Line 6.

36. Record 4 bears no markers concerning its status as a draft document or whether it is pre-decisional or deliberative in nature. Mulvey Decl. Ex. 8.

37. Although DHS redacted titles, headings, and dates from the slide deck, the agency has now disclosed the slides were used at a tabletop exercise "held on January 25, 2022." Mulvey Decl. Ex. 8; DHS *Vaughn* Index at Line 6.

38. Specifically, DHS avers this record is a "slide deck" related to a "tabletop exercise" that involved "test[ing] different approaches" to DHS's potential management of misinformation in the context of Ukraine. DHS *Vaughn* Index at 6.

Record 5

39. Record 5 (DHS-001-002015-000812–827) is a sixteen-page document, which appears to be a slide deck, and which is dated February 6, 2022 and entitled "DHS Ukraine Task Force Concept Proposal." Mulvey Decl. Ex. 9.

40. Apart from its title page, the entirety of Record 5 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 9; DHS *Vaughn* Index at Line 7.

41. Record 5 bears no markings indicating that it is a draft document or that it is pre-decisional or deliberative in nature. Mulvey Decl. Ex. 9.

Record 6

42. Record 6 (DHS-001-002015-00832–33) is an undated two-page document entitled "Summary of Disinformation Governance Board Roles and Responsibilities." Mulvey Decl. Ex. 10.

43. Apart from its title heading, Record 6 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 10; DHS *Vaughn* Index at 8.

44. DHS avers this record is an "initial outline . . . about potential roles and responsibilities to include and exclude for a potential [Disinformation Governance] Board." DHS *Vaughn* Index at 8.

45. DHS has implied that Record 6 played a role in the development of the Board charter. DHS *Vaughn* Index at 8.

46. Section 5 of the Board charter is entitled "Roles and Responsibilities of Board Members." Mulvey Decl. Ex. 2 at DHS-001-02015-000009.

Record 7

47. Record 7 (DHS-001-002015-000834–837) is an undated four-page document entitled "Summary of U.S. Department of Homeland Security (DHS) Authorities Concerning Mis-, Dis-, and Mal-Information (MDM)." Mulvey Decl. Ex. 11.

48. Apart from its title, Record 7 has been withheld in full under Exemption 5, in conjunction with the deliberative-process, attorney-client, and attorney work-product privileges. DHS *Vaughn* Index at Line 9.

49. Record 7 is marked as "UNCLASSIFIED//FOUO," as well as "DELIBERATIVE/PREDECISIONAL," but it is not otherwise labeled as a draft, let alone a record subject to the attorney-client or attorney work-product privileges. Mulvey Decl. Ex. 11.

50. DHS has failed to offer any evidence or testimony as to whether Record 7 was created in anticipation of litigation. DHS *Vaughn* Index at Line 9.

51. DHS has failed to offer any evidence or testimony as to whether Record 7 was prepared by an attorney at the request of the agency. DHS *Vaughn* Index at Line 9.

52. DHS has failed to offer any evidence or testimony as to whether Record 7 contains confidential client information or otherwise reflects confidential communications. DHS *Vaughn* Index at Line 9.

53. DHS has failed to offer any evidence or testimony regarding whether it maintained the confidentiality of Record 7 after its creation. DHS *Vaughn* Index at Line 9.

Record 8

54. Record 8 (DHS-001-002015-000843) is an e-mail message, dated April 27, 2022, exchanged between an unidentified sender and Nina Jankowicz, then-executive director of the Board. Mulvey Decl. Ex. 12.

55. The subject line of the e-mail is "Inquiry in connection with your DHS disinformation governance board." Mulvey Decl. Ex. 12.

56. Record 8 "originated from outside of DHS." Mulvey Decl. Ex. 12.

57. DHS has withheld the name and e-mail address of the sender of Record 8 under Exemption 6. Mulvey Decl. Ex. 12.

58. DHS now avers that the unidentified sender is a "Senate employee." DHS *Vaughn* Index at Line 10.

59. DHS has also withheld the e-mail address of DHS employee Nina Jankowicz under Exemption 6. Mulvey Decl. Ex. 12.

60. AFPF does not challenge DHS's use of Exemption 6 to withhold the e-mail address of Ms. Jankowicz. Mulvey Decl. ¶ 28.

61. Most of the substantive content of Record 8 has been withheld under Exemption 5. Mulvey Decl. Ex. 12.

62. DHS has failed to offer any evidence or testimony as to its satisfaction of the Exemption 5 "inter-" or "intra-agency" threshold requirement for Record 8.

63. DHS has not identified the privilege(s) with which it is invoking Exemption 5 for Record 8. DHS *Vaughn* Index at Line 10.

64. DHS has not provided any justification for its Exemption 5 redactions of Record 8, focusing instead on the use of Exemption 6. DHS *Vaughn* Index at Line 10.

Record 9

65. Record 9 (DHS-001-002015-000854–856) is a three-page document, dated January 27, 2022 and entitled "MDM Points." Mulvey Decl. Ex. 13.

66. Apart from its title, date, and three headings, DHS has redacted all substantive content from Record 9 under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 13; DHS *Vaughn* Index at Line 11.

67. Record 9 is marked as "UNCLASSIFIED / FOR OFFICIAL USE ONLY," but it contains no labels indicating it is a draft document or otherwise suggesting it is pre-decisional or deliberative in nature. Mulvey Decl. Ex. 13.

<u>Record 10</u>

68. Record 10 (DHS-001-002015-001268–1270) is an undated three-page document entitled "DHS Authorities in the MDM Space." Mulvey Decl. Ex. 14.

69. Apart from its title, Record 10 has been withheld in full under Exemption 5, in conjunction with the deliberative-process, attorney-client, and attorney work-product privileges. Mulvey Decl. Ex. 14; DHS *Vaughn* Index at Line 12.

70. DHS has failed to offer any evidence or testimony as to whether Record 10 was created in anticipation of litigation. DHS *Vaughn* Index at Line 12.

71. DHS has failed to offer any evidence or testimony as to whether Record 10 was prepared by an attorney at the request of the agency. DHS *Vaughn* Index at Line 12.

72. DHS has failed to offer any evidence or testimony as to whether Record 10 contains confidential client information or otherwise reflects confidential communications. DHS *Vaughn* Index at Line 12.

73. DHS has failed to offer any evidence or testimony regarding whether it maintained the confidentiality of Record 10 after its creation. DHS *Vaughn* Index at Line 12.

74. DHS implies that "portions" of a publicly available DHS advisory bulletin may reflect the content of Record 12. DHS *Vaughn* Index at Line 12.

75. DHS claims that Record 12 is also protected by Exemption 7(E), but there is no indication on the record itself that this exemption was ever invoked. Mulvey Decl. Ex. 14.

Record 11

76. Record 11 (DHS-001-002015-000558–565) is an eight-page document. Mulvey Decl. Ex. 15.

77. Record 11 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 15; DHS *Vaughn* Index at Line 13.

78. DHS has provided no indication that Record 11 is a draft document. DHS *Vaughn* Index at Line 13.

79. DHS concedes it has elsewhere "released the title and date of this document." DHS *Vaughn* Index at Line 13; *see infra* ¶ 111.

Record 12

80. Record 12 (DHS-001-002015-000566–581) is a sixteen-page e-mail chain. Mulvey Decl. Ex. 16.

81. On August 11, 2026, AFPF and DHS reached agreement about the re-processing and reproduction of Record 12. Mulvey Decl. ¶ 25.

82. DHS agreed to "release the company names associated with the listed validators" and "release the names of public figures." Mulvey Decl. ¶ 25(a); *see* Pavlik-Keenan Decl. ¶ 22.

83. AFPF agreed that DHS can withhold the names of "individuals who are not public figures." Mulvey Decl. ¶ 25(a); *see* Pavlik-Keenan Decl. ¶ 22.

84. Specifically, the parties' agreement pertains to the redacted content located at DHS-001-002015-000577–578. Pavlik-Keenan Decl. ¶ 22.

85. DHS has yet to provide AFPF with a re-processed version of Record 12. Mulvey Decl. ¶ 26.

86. DHS "anticipat[es] processing" Record 12 "for release on or about Sept 30." Mulvey Decl. ¶ 26.

Record 13

87. Record 13 (DHS-001-002015-000618–619) is a two-page e-mail chain. Mulvey Decl. Ex. 17.

88. On August 11, 2026, AFPF and DHS reached agreement about the re-processing and reproduction of Record 13. Mulvey Decl. ¶ 25.

89. DHS agreed to "release the domain names and institutional affiliations" of individuals implicated in Record 13. Mulvey Decl. ¶ 25(b); *see* Pavlik-Keenan Decl. ¶ 22.

90. AFPF agreed that DHS can withhold the "names" of those same individuals. Mulvey Decl. ¶ 25(b); *see* Pavlik-Keenan Decl. ¶ 22.

91. DHS originally anticipated providing AFPF with a re-processed version of Record 13 by September 30, 2026. Mulvey Decl. ¶ 26.

92. In fact, DHS produced the re-processed Record 13 on September 11, 2026, shortly before the deadline for AFPF's opposition and cross-motion. *See* Mulvey Decl. ¶ 26; Mulvey Decl. Ex. 17.

Record 14

93. Record 14 (DHS-001-002015-000620) is a one-page document that has effectively been withheld in full. Mulvey Decl. Ex. 18.

94. DHS seeks to withhold Record 14 under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 18; DHS *Vaughn* Index at Line 16.

95. Record 14 is marked as a "Pre-decisional Draft // For Official Use Only," but there is no indication or label on the face of the record that would suggest it is deliberative in nature. Mulvey Decl. Ex. 18.

96. DHS avers that Record 14 contains "information about the news articles discussing or publicly available information about" the Disinformation Governance Board. DHS *Vaughn* Index at Line 16.

97. DHS further avers that Record 14 was created by one of its contractors. DHS *Vaughn* Index at Line 16.

98. AFPF does not challenge DHS's reliance on the consultant-corollary doctrine to satisfy Exemption 5's threshold requirement for Record 14. Mulvey Decl. ¶ 29.

99. Record 14 is an attachment to Record 13. *Cf.* Mulvey Decl. Ex. 17 *with* Mulvey Decl. Ex. 18.

100. When DHS's contractor provided the agency with Record 14, it communicated the following message: "As I'm sure you're all following, the Disinformation Governance Board has elicited a lot of conversations on and offline. Attached is an overview of some of the narratives we're keeping an eye on in our normal course of business. Please let us know if there is anything specific we can provide." Mulvey Decl. Ex. 17.

<u>Record 15</u>

101. Record 15 (DHS-001-002015-000637–639) is a three-page document that has been withheld in full. Mulvey Decl. Ex. 19.

102. DHS has withheld Record 15 under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 19; DHS *Vaughn* Index at Line 17.

103. There are no labels or markings visible on Record 15 that indicate whether it is a draft document or pre-decisional or deliberative in nature. Mulvey Decl. Ex. 19.

<u>Record 16</u>

104. Record 16 (DHS-001-002015-000645–647) is a three-page document that has been withheld in full. Mulvey Decl. Ex. 20.

105. DHS has withheld Record 15 under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 20; DHS *Vaughn* Index at Line 18.

106. There are no labels or markings visible on Record 16, as provided to AFPF, that indicate whether it is a draft document or pre-decisional or deliberative in nature. Mulvey Decl. Ex. 20.

<u>Record 17</u>

107. Record 17 (DHS-001-002015-000648–651) is a four-page document that has been withheld in full. Mulvey Decl. Ex. 21.

108. DHS has withheld Record 17 under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 21; DHS *Vaughn* Index at Line 19.

109. There are no labels or markings visible on Record 17, as provided to AFPF, that indicate whether it is a draft document or pre-decisional or deliberative in nature. Mulvey Decl. Ex. 21.

<u>Record 18</u>

110. Record 18 (DHS-001-002015-000877–887) is an eleven-page document entitled "Ukraine MDM Playbook." Mulvey Decl. Ex. 22.

111. Except for its title heading, the entirety of Record 18 has been withheld in full under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 22; DHS *Vaughn* Index at Line 20.

112. Although Record 18 is still marked as "UNCLASSIFIED/FOR OFFICIAL USE ONLY/DELIBERATIVE," its "DRAFT" label has been stricken out. Mulvey Decl. Ex. 22 ("~~DRAFT~~").

113. DHS's January 31, 2022 secretarial "Action" memorandum references, attaches, and thereby incorporates the final version of the Ukraine MDM Playbook. Mulvey Decl. Ex. 25.

Record 19

114. Record 19 (DHS-001-002015-000917–924) is an eight-page document, which is dated November 20, 2021 and entitled "Background Information: DHS PLCY's Roles and Responsibilities in the Department's Information Manipulation Mission." Mulvey Decl. Ex. 23.

115. Except for its title heading and date, the entirety of Record 19 has been withheld under Exemption 5, in conjunction with the deliberative-process privilege. Mulvey Decl. Ex. 23; DHS *Vaughn* Index at Line 21.

116. DHS avers that Record 19 is a "duplicative record of DHS-001-002015-000558-565), which is Record 11. DHS *Vaughn* Index at 21; *see supra* ¶¶ 70–73.

117. DHS has not processed Records 11 and 19 the same, even though they are duplicates. *See* Mulvey Decl. Exs. 15 & 23.

Record 20

118. Record 20 (DHS-001-002015-000925–929) is a five-page email chain reflecting communications between Secretary Mayorkas and various DHS employees. Mulvey Decl. Ex. 24.

119. DHS has redacted Record 20 in part and withheld content under Exemption 5, in conjunction with the deliberative-process privilege, and Exemption 6. Mulvey Decl. Ex. 24; DHS *Vaughn* Index at Line 22.

120. AFPF does not challenge DHS's use of Exemption 6 to withhold the phone numbers and email addresses of DHS employees. Mulvey Decl. ¶ 30.

121. Within the e-mail chain constituting Record 20, DHS employees received an April 29, 2022, 1:45 PM message from Secretary Mayorkas, which appears to contain a revised statement for the press regarding the chartering of the Disinformation Governance Board. Mulvey Decl. Ex. 24.

122. In response to Secretary Mayorkas, DHS employee Sarah Peck wrote: "Thank you, Secretary. We have sent this to the White House and hope to deploy it to reporters shortly." Mulvey Decl. Ex. 24.

123. DHS has nonetheless withheld the revised statement approved by Secretary Mayorkas that is referenced by Ms. Peck. Mulvey Decl. Ex. 24.

Other Issues

124. AFPF does not challenge the adequacy of DHS's search for responsive records. Mulvey Decl. ¶ 24; Pavlik-Keenan Decl. ¶ 7.

//

//

//

Dated: September 14, 2026

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362

AMERICANS FOR PROSPERITY
FOUNDATION
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
Telephone: (571) 444-2841
rmulvey@afphq.org

*Counsel for Plaintiff AFPF*